UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER D. SCOTT, Plaintiff, v. A NUNEZ, et al., Defendants. | Case No. 25-cv-03826-RS (PR) **ORDER OF SERVICE;** **ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR A NOTICE REGARDING SUCH MOTION;** **INSTRUCTIONS TO CLERK** |

**INTRODUCTION**

Plaintiff alleges that a deputy sheriff at the San Mateo County Jail interfered with his right to the free exercise of his religion by asking him to remove his Muslim head covering. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

Plaintiff has stated a free exercise of religion claim under the First Amendment. All other claims and defendants are DISMISSED. On or before **February 2, 2026**, defendant Nunez shall file a dispositive motion or a notice regarding such motion relative to the cognizable claim raised in the complaint. Defendant also shall file an answer in accordance with the Federal Rules of Civil Procedure. No hearing will be held on any motion unless the Court specifically orders one.

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that on February 25, 2025, "the start of Ramadan," San Mateo County Sheriff's Deputy A. Nunez told him to remove his kufi (Muslim head covering) because it reminded Nunez of his time in the military. (Compl., Dkt. No. 1 at 3.) When plaintiff tried to explain why he was wearing the kufi, he was handcuffed in a holding cell, transferred out of the housing unit, and was "written up" for having an argument. (*Id.*)

1    When liberally construed, these allegations state a free exercise of religion claim under the

2    First Amendment.  All other claims and defendants are DISMISSED.

3                                              **CONCLUSION**

4        For the foregoing reasons, the Court orders as follows:

5        1.    The Court orders service of the complaint (Dkt. No. 1), and all attachments

6    thereto, on A. Nunez, a deputy sheriff at the San Mateo County Sheriff's Department.  The

7    Court orders this defendant to respond to the cognizable claim raised in the complaint.

8        2.    Service on this defendant shall proceed under the California Department of

9    Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in

10   CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR

11   via email the following documents:  the complaint (Docket No. 1) and its attachments; this

12   order; a CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall

13   serve a copy of this order on the plaintiff.

14       3.    No later than 40 days after service of this order via email on CDCR, CDCR

15   shall provide the court a completed CDCR Report of E-Service Waiver advising the court

16   which defendant(s) listed in this order will be waiving service of process without the need

17   for service by the United States Marshal Service (USMS) and which defendant(s) decline

18   to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR

19   Report of E-Service Waiver to the California Attorney General's Office which, within 21

20   days, shall file with the court a waiver of service of process for the defendant(s) who are

21   waiving service.

22       4.    Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall

23   prepare for each defendant who has not waived service according to the CDCR Report of

24   E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed

25   USM-285 forms and copies of this order, the summons and the operative complaint for

26   service upon each defendant who has not waived service.

27

28

United States District Court
Northern District of California

ORDER OF SERVICE
CASE NO. 25-cv-03826-RS

3

1    5.    Defendant shall file an answer in accordance with the Federal Rules of Civil

2    Procedure.

3    6.    On or before **February 2, 2026**, defendant shall file a motion for summary

4    judgment or other dispositive motion with respect to the claim(s) in the operative

5    complaint found to be cognizable above.

6    a.    If any defendant elects to file a motion to dismiss on the grounds

7    plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

8    § 1997e(a), defendant shall do so in a motion for summary judgment, as required by

9    *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

10    b.    Any motion for summary judgment shall be supported by adequate

11    factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

12    Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor

13    qualified immunity found, if material facts are in dispute.  If any defendant is of the

14    opinion that this case cannot be resolved by summary judgment, he shall so inform the

15    Court prior to the date the summary judgment motion is due.

16    7.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

17    and served on defendant no later than forty-five (45) days from the date defendant's

18    motion is filed.

19    8.    Defendant shall file a reply brief no later than fifteen (15) days after

20    plaintiff's opposition is filed.

21    9.    The motion shall be deemed submitted as of the date the reply brief is due.

22    No hearing will be held on any motion unless the Court so orders at a later date.

23    10.    All communications by the plaintiff with the Court must be served on

24    defendant, or defendant's counsel once counsel has been designated, by mailing a true

25    copy of the document to defendant or defendant's counsel.

26    11.    Discovery may be taken in accordance with the Federal Rules of Civil

27    Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

28

United States District Court
Northern District of California

ORDER OF SERVICE
CASE NO. 25-cv-03826-RS

4

1   Rule 16-1 is required before the parties may conduct discovery.

2       Plaintiff is reminded that state prisoners may review all non-confidential material in

3   their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.

4   1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations

5   Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.

6   Requests to review these files or for copies of materials in them must be made directly to

7   prison officials, not to the court.

8       Plaintiff may also use any applicable jail procedures to request copies of (or the

9   opportunity to review) any reports, medical records, or other records maintained by jail

10  officials that are relevant to the claims found cognizable in this order.  Such requests must

11  be made directly to jail officials, not to the court.

12      12.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

13  Court informed of any change of address and must comply with the Court's orders in a

14  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

15  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16      13.    Extensions of time must be filed no later than the deadline sought to be

17  extended and must be accompanied by a showing of good cause.

18      14.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be

19  given "notice of what is required of them in order to oppose" summary judgment motions

20  at the time of filing of the motions, rather than when the court orders service of process or

21  otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir.

22  2012).  Defendant shall provide the following notice to plaintiff when he files and serves

23  any motion for summary judgment:

24      The defendants have made a motion for summary judgment by which they
        seek to have your case dismissed.  A motion for summary judgment under
25      Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
26      case.

27

28                                                ORDER OF SERVICE
                                                  CASE NO. 25-cv-03826-RS

*(left margin, vertical text)* United States District Court   Northern District of California

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

15.     The Clerk shall terminate all defendants with the exception of A. Nunez.

**IT IS SO ORDERED.**

**Dated:**  September  24 , 2025

RICHARD SEEBORG
Chief United States District Judge